By the Court.
The object of pleadings, in addition to invoking the jurisdiction of the court, is to inform the parties of the respective claims of each and of the issues for determination at the trial.
Measured by this definition it is exceedingly doubtful whether the pleadings in this case make an issue as to the title to the 40-foot roadway, for the same right exists in the plaintiffs to protect the easement against damage by the diversion of the water course that exists to protect the fee against damage by diversion of the water course. But assuming that the court, regardless of the pleadings, had jurisdiction of the subject-matter of the title to the land included in the 40-foot roadway, upon the theory that the jurisdiction of the court invoked in an equity case attaches for all purposes necessary to afford complete relief, which does not seem apparent in this case, we have been unable to find any *479 evidence in the record of the use of the east 30 feet of the roadway by the defendants in error inconsistent with their right to do so under the easement running with the title to lots 19, 20, 21 and 25, except as to the land actually covered by the small wagon-shed north of where the creek crosses the roadway, and the exclusive open and adverse, use inconsistent with the easement of that small portion of the roadway could not be effective to convert into an adverse and exclusive use the use of the entire roadway consistent with the easement.
Where a right to use is conferred by grant, any use reasonably consistent with such grant will be. referable to such grant and will not be deemed adverse.
For these reasons the judgment of the court of appeals is reversed and the cause remanded for further proceedings according to law consistent with the protection of the easement of the defendants in error in the east 30 feet of the roadway as platted along the entire east side of lot 17.

Judgment reversed, and cause remanded.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.